**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 95-50183

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT JAMES DEVINE, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

---

(No. CA-W-94-346)

August 30, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

We AFFIRM the district court's judgment denying the appellant,

Robert Devine (Devine), relief in his action brought pursuant to 28

---

[*]  Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and
merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and
burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

U.S.C. § 2255 for the following reasons:

1.    Devine's claim seeking relief based upon changes to U.S.S.G. § 1B1.3 which were made after his sentence was imposed is not a cognizable § 2255 action.  The sentence was valid at the time of imposition, and does not give rise to a complete miscarriage of justice.  *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995).

2.    Devine's claim of an excessive sentence based on an alleged error in computing his base offense level with respect to dextro-methamphetamine (d-meth) rather than levo-methamphetamine (l-meth) relates to a technical application of the sentencing guidelines and could have been raised on direct appeal.  Such a claim is not cognizable in a habeas action brought under § 2255. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

3.    Devine's argument that his counsel was ineffective for failing to request a multiple-conspiracy jury instruction lacks merit.  On direct appeal, this Court addressed the issue whether multiple conspiracies existed and affirmed the district court's finding that there was only one conspiracy.  *United States v. Devine*, 934 F.2d 1325, 1332-35 (5th Cir. 1991).  This finding is binding on the district court in subsequent proceedings.  *See Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1150 (5th Cir. 1993).  Because it has been determined that only one conspiracy existed, Devine has failed to show prejudice to his

defense for his trial counsel's failure to request a jury instruction on the existence of multiple conspiracies.

4.    Devine has failed to show he was prejudiced with respect to his claim that he received ineffective assistance of counsel because his attorney failed to object to the computation of his base offense level using d-meth rather than l-meth.  In *United States v. Acklen*, 47 F.3d 739, 743 (5th Cir. 1995), this Court determined that a § 2255 movant's conclusional allegation that "conclusive evidence" exists that the methamphetamine involved was actually l-meth as opposed to d-meth was not sufficient to establish that, or even put in genuine issue whether, the substance was l-meth.  Without more than such a conclusional allegation, prejudice cannot be shown.  *Id*. At 743-44 & n.11.  In the instant case, Devine has not even alleged that the substance was l-meth; he contends merely that the Government was not put to its burden of proof of establishing that the substance was d-meth.  Thus, Devine cannot show the prejudice needed to obtain relief for ineffective assistance of counsel.  *See id.; see also Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).

AFFIRMED.